UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.:

HARTFORD CASUALTY INSURANCE COMPANY,

        Plaintiff,

vs.

THE ESTATE OF GEORGE WILLIAMS GAGE, III, by and through SUSAN L. GAGE, Personal Representative; BUREK, INC.; JOHN L. BUREK, JR.; BENJAMIN DOUGLAS EHAS; and BERKSHIKE HATHAWAY GUARD INSURANCE COMPANY.

        Defendants.
_____/

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff HARTFORD CASUALTY INSURANCE COMPANY ("Hartford") hereby petitions this Court for a Declaratory Judgment against THE ESTATE OF GEORGE WILLIAMS GAGE, III, by and through SUSAN L. GAGE, Personal Representative ("Gage"); BUREK, INC. ("Burek"); JOHN L. BUREK, JR. ("John Burek"); BENJAMIN DOUGLAS EHAS ("Ehas"); and BERKSHIRE HATHAWAY GUARD INSURANCE COMPANY ("Guard"), and alleges as follows:

### INTRODUCTION

1. This declaratory judgment action seeks a ruling that Hartford, having paid its liability limits under an Umbrella Liability Business Insurance Policy No. 21 HHU OZ8200 issued

to "BUREK, INC. DBA PINCH A PENNY #66 & #100" effective April 23, 2019 to April 23, 2020 ("the Hartford Umbrella Excess Policy"), owes no further obligation to the Defendants regarding a judgment entered in the case entitled THE ESTATE OF GEORGE WILLIAMS GAGE III, by and through SUSAN L. GAGE, Personal Representative v. BUREK, INC. d/b/a PINCH APENNY a/k/a SOUTH TAMPA POOL SUPPLIES & SERVICES; JOHN L. BUREK, JR., and BENJAMIN DOUGLAS EHAS, filed in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, Case No. 20-CA-003431 ("the Underlying Action").

## THE PARTIES

2. Hartford is a corporation formed under the laws of the State of Indiana with its principal place of business in Hartford, Connecticut. At all times mentioned in this Complaint, Hartford has been authorized to do business in the State of Florida.

3. SUSAN L. GAGE is the duly appointed personal representative of the ESTATE OF GEORGE WILLIAMS GAGE, III, a Florida estate. She is a resident and citizen of Hillsborough County, Florida.

4. BUREK, INC. is a Florida corporation authorized to transact business in the State of Florida with its principal place of business located at 3440 South Dale Mabry Highway, Tampa, Hillsborough County, Florida 33611.

5. JOHN L. BUREK, JR. is the local owner and operator of BUREK, INC., and at all material times hereto a resident and citizen of Pinellas County, Florida.

6. DOUGLAS BENJAMIN EHAS currently resides at Jefferson Correctional Institute in Jefferson County, Florida and is a citizen of Florida.

7. Guard is a corporation formed under the laws of Pennsylvania with its principal place of business in Wilkes-Barre, Pennsylvania.

## JURISDICTION AND VENUE

8. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 and Federal Rules of Civil Procedure Rule 57 to resolve an actual controversy between the parties as set forth herein.

9. This Court has jurisdiction over this action pursuant to 28 U.S.C § 1332, because there is complete diversity of citizenship between Hartford and Defendants and there is more than $75,000 in controversy.

10. Venue is proper within the Unites States District Court, Middle District of Florida pursuant to 28 U.S.C. § 1391(b), because this is a civil action in which subject matter jurisdiction is founded only on diversity of citizenship and the action is brought in the judicial district where Defendants reside or were doing business; and a substantial part of the events or omissions giving rise to the claim occurred in Tampa and Pinellas County, Florida.

## THE POLICY

11. Subject to all its terms, the Hartford Umbrella Excess Policy provides $1,000,000 in excess auto liability insurance to its insureds above the $1,000,000 limit of a primary auto liability policy issued by Guard bearing policy number PIAU83190, effective from 4/23/19 to 4/23/20 issued to "BUREK, INC. DBA PINCH A PENNY #66 & #100." *See* Exhibit A.

## THE CLAIM AND UNDERLYING ACTION

12. On January 9, 2020 Benjamin Douglas Ehas struck George Williams Gage III with a motor vehicle and caused his death.

13. Thereafter numerous claims for the wrongful death of George Williams Gage III, including claims against Burek, John Burek and Ehas were pursued.

14. As the primary insurer, Guard was responsible for the investigation and settlement negotiations of these claims. Under the Hartford Umbrella Policy, Hartford was unable to tender their limit prior to Guard tendering their policy limit, as the policies required Guard's coverage to be exhausted to trigger Hartford's coverage.

15. On or about April 8, 2020, Guard secured authority to tender its $1,000,000 underlying primary policy liability limits to counsel pursuing claims for the death of Gage in settlement of those claims against its insureds.

16. On or about April 14, 2020, Hartford secured authority to tender its $1,000,000 umbrella policy liability limits to counsel pursuing claims for the death of Gage in settlement of those claims against its insureds. Hartford's tendered limits in settlement were rejected by counsel pursuing claims for the death of Gage claiming Hartford acted in bad faith in the handling, investigation and settlement of those claims, despite the fact that Hartford was an excess insurer having no obligation under its policy until such time as the primary limit of liability was offered and exhausted by Guard.

17. Since rejecting Hartford's limits, the Defendants herein have demanded that Hartford pay sums in excess of its $1,000,000 liability limit to resolve the claims against its insureds with respect to the death of Gage.

18. On April 18, 2020, the Underlying Action was filed seeking damages against the defendants including John Burek, Burek, Inc. and Ehas.

19. A jury trial was held in the Underlying Action, and a verdict was reached on April 20, 2022 that awarded damages of $17,000,000 in compensatory damages against Burek, John Burek and Ehas; $500,000 in punitive damages against Burek; and $5,000 in punitive damages against John Burek.

20. An amended final judgment in the Underlying Action was entered on August 10, 2022, adding Guard and Hartford to the final judgment.

21. Hartford stipulated to the judgment being amended to reflect their liability of $1,000,000 under the excess policy limit.

22. Hartford has not sought an appeal of their portion of the judgment and has tendered payment of $1,000,000 to satisfy the judgment against them entirely on August 12, 2022.

23. That offer was accepted on September 9, 2022.

24. Having paid its liability limit in satisfaction of the judgment against it in the Underlying Litigation, Hartford owes no further sum to the Defendants herein regarding that judgment or the claims in the Underlying Action under its policy or otherwise.

25. Defendants disagree Hartford owes nothing further regarding the claims that were the subject of the Underlying Action and have demanded sums from Hartford in addition to the payment of Hartford's policy limit.

WHEREFORE, Hartford requests that the Court enter judgment in Hartford's favor against the Defendants herein declaring that Hartford owes no further sum to the Defendants with respect to the judgment in the Underlying Action or the claims articulated therein; and (2) such other and further relief as the Court deems just and proper, including an award of costs.

DATED this 23rd day of September, 2022

        Respectfully submitted,

        COFFEY BURLINGTON, P.L.
        2601 South Bayshore Drive, Penthouse One
        Miami, Florida  33133
        Telephone:    (305) 858-2900
        Facsimile:     (305) 858-5261

By:     s/   Kendall B. Coffey
        Kendall B. Coffey, FBN 259861
        KCoffey@CoffeyBurlington.com
        Josefina M. Aguila, FBN 119719
        JAguila@CoffeyBurlington.com
        YVB@CoffeyBurlington.com
        service@CoffeyBurlington.com

        *Counsel for Plaintiff*