UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HARTFORD CASUALTY INSURANCE
COMPANY,

    Plaintiff,

v.                                                          Case No: 8:22-cv-2205-KKM-NHA

THE ESTATE OF GEORGE WILLIAMS
GAGE, III, by and through SUSAN L. GAGE,
et al.,

    Defendants.
_____

## ORDER

On February 2, 2024, the United States Magistrate Judge entered a Report and Recommendation, recommending that the Burek Defendants' motion for attorney's fees be granted in part. R&R (Doc. 85). The Magistrate Judge concluded that the "Burek Defendants are entitled to fees under Florida Statutes [S]ection 627.428," but that "[i]t is not clear that the fees they request are reasonable." *Id.* at 1. The fourteen-day deadline to object to the Magistrate Judge's Report and Recommendation has passed without either party lodging an objection.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's Report

and Recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by a magistrate judge, the district court must conduct a de novo review with respect to that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

After careful review, I reject the Report and Recommendation and deny the Burek Defendants' motion because I lack jurisdiction over the claim for attorney's fees.

I previously dismissed this case for lack of jurisdiction because Hartford's claims were premature. *See* (Doc. 66). And generally, a district court may not adjudicate the merits "of a 'case or controversy' over which it lacks jurisdiction." *Willy v. Coastal Corp.*, 503 U.S. 131, 138 (1992). But a district court lacking jurisdiction may still consider issues that are collateral to the merits of a cause of action. *Id.* Put differently, "a federal court may consider collateral issues after an action is no longer pending," such as awarding costs, issuing a "criminal contempt charge," and issuing Rule 11 sanctions. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990).

The issue is whether awarding attorney's fees under Florida Statute § 627.428 is a collateral matter. In *Certain British Underwriters at Lloyds of London, England v. Jet*

*Charter Service, Inc.*, the Eleventh Circuit held that it is not: "fees awarded under Section 627.428 are an integral part of the merits of [a] case and must be part of any final judgment." 739 F.2d 534, 535 (11th Cir. 1984). Because *Jet Charter* is a published opinion that has never been overruled, I am required to follow it here. *See* 11th Cir. R. 36(2) ("Under the law of [the Eleventh Circuit], published opinions are binding precedent."). Subsequent unpublished opinions—some following *Jet Charter* and some not—does not change this obligation. *Compare Prime Ins. Syndicate, Inc. v. Soil Tech Distribs., Inc.*, 270 F. App'x 962, 964–65 (11th Cir. 2008) (affirming district court for awarding attorney's fees under § 627.438 after dismissing case for lack of subject matter jurisdiction), *with S.-Owners Ins. Co. v. Maronda Homes, Inc. of Fla.*, No. 20-11526, 2023 WL 3270065, at *2 (11th Cir. May 5, 2023) (affirming district court for denying attorney's fees under § 627.428 after dismissal for lack of subject matter jurisdiction because attorney's fees are integral to the merits); *see* 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent . . . .").

The Magistrate Judge concluded that *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196 (1988), abrogated *Jet Charter*, and therefore *Jet Charter* is no longer binding on the lower courts. As a result, the Magistrate Judge concluded that § 627.428 is collateral to the merits. R&R at 6–7. I disagree. The Eleventh Circuit adheres to a strict

prior-panel-precedent rule and I do not conclude that *Budinich* abrogated *Jet Charter* under that standard.

In *Budinich*, the Supreme Court addressed "whether a decision on the merits is a 'final decision' [and thus appealable] as a matter of federal law under [28 U.S.C.] § 1291 when the recoverability or amount of attorney's fees for the litigation remains to be determined." 486 U.S. at 199. The Court concluded that "a request for attorney's fees under [42 U.S.C.] § 1988" is collateral to the merits for purposes of § 1291 appealability. *Id.* at 200–01. This decision concerned the interpretation of a federal statute for attorney's fees, not Florida Statute § 627.428. And the Court acknowledged that some courts of appeals have held that "statutes creating liability for attorney's fees can cause them to be part of the merits relief," but that 42 U.S.C. § 1988 was not one of them. *Id.* at 201. Although the Court made some broad statements, *see id.* at 200 ("As a general matter, at least, we think it indisputable that a claim for attorney's fees is not part of the merits of the action to which the fees pertain."), the holding was limited to the conclusion that fees under 42 U.S.C. § 1988 are a collateral issue, *id.*

The Eleventh Circuit has made clear that "[a]n intervening Supreme Court decision abrogates [Eleventh Circuit] precedent only if the intervening decision is both clearly on point and 'clearly contrary to' [the Eleventh Circuit's] earlier decision." *See United States v. Dubois*, 94 F.4th 1284, 1293 (11th Cir. 2024) (quotation omitted). Put differently, "[f]or

4

Case 8:22-cv-02205-KKM-NHA   Document 86   Filed 03/27/24   Page 5 of 6 PageID 1245

the Supreme Court to overrule a case, its decision must have 'actually overruled or conflicted with [the Eleventh Circuit's prior precedent].' " *United States v. Vega-Castillo*, 540 F.3d 1235, 1237 (11th Cir. 2008) (citing *United States v. Marte*, 356 F.3d 1336, 1344 (11th Cir. 2004)). At most, *Budinich*'s reasoning conflicts with the reasoning of *Jet Charter*, but that alone is not enough to overrule *Jet Charter*. "Even if the reasoning of an intervening high court decision is at odds with [the Eleventh Circuit's prior precedent], that does not provide the [Eleventh Circuit] with a basis for departing from its prior decision." *Id.* And "[i]f the Supreme Court never discussed [the Eleventh Circuit precedent] and did not 'otherwise comment[] on' the precise issues before the prior [Eleventh Circuit] panel, [the] precedent remains binding." *Dubois*, 94 F.4th at 1293. *Budinich* did not discuss *Jet Charter* nor did it "demolish" and "eviscerate each of [Jet Charter's] fundamental props." *Id.* (citation and quotations omitted). Accordingly, I am bound to follow *Jet Charter* because it is has not yet been directly overruled by the Supreme Court or the Eleventh Circuit sitting en banc. *United States v. DiFalco*, 837 F.3d 1207, 1216 (11th Cir. 2016).

In sum, I lack jurisdiction to consider the Burek Defendants' request for attorney's fees under § 627.428 because it is not a collateral issue under Eleventh Circuit precedent.

5

Accordingly, it is **ORDERED**:

1. The Magistrate Judge's Report and Recommendation (Doc. 85) is **REJECTED**.

2. The Burek Defendants' Motion for Attorney's Fees (Doc. 72) is **DENIED** without prejudice for lack of jurisdiction.

**ORDERED** in Tampa, Florida, on March 27, 2024.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge

6